IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RONALD KELLY,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**BNFOCUS 3D TRUCKING, LLC, and JERRY GRAVES,**<br><br>**Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff Ronald Kelly asserts claims against Defendants BNFocus 3D Trucking, LLC, and Jerry Graves for due but unpaid minimum wages as well as bad faith breach of contract, quantum meruit, and conversion, showing the Court as follows:

**INTRODUCTION**

1.

In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq.*, Plaintiff seeks to recover unpaid minimum wages from his former employers, Defendants BNFocus 3D Trucking, LLC, and Jerry Graves. He additionally brings state law claims for breach of contract, quantum meruit, and fraud related to the same failure to pay promised wages.

**JURISDICTION AND VENUE**

2.

The jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute which affects interstate commerce.

3.

BNFocus 3D Trucking, LLC (hereinafter "BNFocus") is a domestic limited liability company organized under the laws of the State of Georgia.

4.

BNFocus may be served with process via service on its registered agent for service, Jerry Graves, at 5216 W. Shore Drive, Conyers, Rockdale County, Georgia, 30094.

5.

This Court has personal jurisdiction over BNFocus.

6.

Defendant Jerry Graves (hereinafter "Graves") is a natural person.

7.

Graves may be served with process at his residence in Rockdale County, Georgia, or wherever he may be found.

8.

This Court has personal jurisdiction over Graves.

9.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendants regularly conduct business in this judicial district, a substantial portion of the events giving rise to the claims herein arose in this judicial district, and both Defendants reside in this judicial district.

**EMPLOYMENT RELATIONSHIP**

10.

Plaintiff Kelly worked as a truck driver for BNFocus from approximately July 2019 through March 27, 2020.

11.

In his position as a truck driver at BNFocus, Plaintiff was responsible for transporting goods in interstate commerce, primarily for BNFocus's Ohio-based client Forwarding Air Solutions.

12.

At all relevant times, Plaintiff was an "employee" of BNFocus within the meaning of 29 U.S.C. § 203(e)(1).

**INDIVIDUAL COVERAGE UNDER THE FLSA**

13.

In each workweek throughout Plaintiff's employment by BNFocus, in his role as a truck driver transporting goods in interstate commerce, Plaintiff was an employee "engaged in commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**ENTERPRISE COVERAGE UNDER THE FLSA**

14.

Throughout Plaintiff's employment, employees of BNFocus used the following goods or materials that moved through commerce for its business purpose: computers, cell phones, gasoline, and vehicles.

15.

During 2020, BNFocus had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2020, BNFocus had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2020, BNFocus had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2020, BNFocus was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

**INDIVIDUAL EMPLOYER UNDER THE FLSA**

19.

Throughout Plaintiff's employment, Graves was involved in the day-to-day operation of BNFocus's business.

20.

Throughout Plaintiff's employment, Graves had supervisory authority over Plaintiff.

21.

Throughout Plaintiff's employment, Graves had the authority to hire and fire Plaintiff.

22.

Throughout Plaintiff's employment, Graves had authority over the terms of Plaintiff's compensation.

23.

Throughout Plaintiff's employment, Graves was an owner of BNFocus.

24.

Throughout Plaintiff's employment, Graves was a member of BNFocus.

25.

Throughout Plaintiff's employment, Graves was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 203(d).

**NON-EXEMPT EMPLOYEES UNDER THE FLSA**

26.

At all times material hereto, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

27.

At all times material hereto, BNFocus did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, BNFocus did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

29.

At all times material hereto, BNFocus did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213(a).

30.

At all times material hereto, BNFocus did not employ Plaintiff on a salary basis of at least $455 per week.

**GENERAL FACTUAL BACKGROUND**

31.

Graves contacted Plaintiff on March 18, 2020 and asked if he would be willing to go on a long distance drive with a team member.

32.

Plaintiff informed Graves that he was not interested in the offer.

33.

Graves then called Plaintiff again and pleaded with him to make the long distance trip beginning on March 20, 2020.

34.

Plaintiff's regular pay per mile was 48 cents. Graves informed Plaintiff that he would pay him 63 cents per mile if he made this long distance trip, and that Graves would be the team member making the trip with him.

35.

After these representations, Plaintiff agreed to make this long distance trip.

36.

Plaintiff and Graves drove from Atlanta, Georgia to Pennsylvania beginning on March 21, 2020.

37.

After making two stops in Pennsylvania, they then proceeded to Phoenix, Arizona, and then to California, to Dallas, Texas, to Chicago, Illinois, and then back to Atlanta, Georgia.

38.

The trip ended on March 26, 2020 when the pair arrived back in Atlanta.

39.

The total trip was approximately 5,099 miles, yielding a total amount due under the terms of the Parties' agreement of $3,212.37 (calculated at 63 cents per mile).

40.

During the cross-country trip, Plaintiff and Graves slept and ate in their vehicles in shifts and did not make any extended stops other than to make and receive shipments.

41.

At no time during the cross-country trip was Plaintiff relieved of his duties.

42.

During the course of the cross-country trip, Plaintiff worked approximately 144 hours.

43.

Plaintiff returned to his home in Jacksonville, Florida on March 27, 2020, and immediately noticed that his company truck was missing.

44.

Plaintiff called and texted Graves to determine the location of the truck. Graves confirmed that he had a driver pick up this truck and return it to Atlanta, Georgia without informing Plaintiff.

45.

Plaintiff had several items of personal property in the truck including a blood pressure machine, some weights, a knee brace and some clothing, which were valued at approximately $250.00 altogether.

46.

To date, Plaintiff has made numerous demands for the return of his personal property, but to no avail.

47.

Plaintiff's paychecks were regularly made by direct deposit into his bank account on Thursdays.

48.

Plaintiff thus expected to receive a deposit for his work on the cross-country trip on April 2, 2020.

49.

Plaintiff was not paid on time and the payment has never been made.

50.

Plaintiff contacted Graves directly by phone and by text regarding the unpaid wages, but Graves has not responded to his enquiries.

51.

To date, Plaintiff has received no compensation whatsoever for the work he performed from March 20, 2020 through March 27, 2020.

## COUNT I
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO 29 U.S.C. § 206 AGAINST ALL DEFENDANTS

52.

At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

53.

From March 20 to March 27, Plaintiff worked approximately 144 hours for Defendants.

54.

Defendants have failed to make any payment of wages to Plaintiff for the work he performed from March 20 to March 27, 2020.

55.

Defendants' refusal to compensate Plaintiff for his work has caused Plaintiff to be compensated at an hourly rate lower than the minimum wage as established in accordance with the FLSA, to wit, $7.25 per hour.

56.

Plaintiff is entitled to payment of all unpaid minimum wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

57.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in an amount equal to his unpaid minimum wages in accordance with 29 U.S.C. § 216(b).

58.

As a result of the underpayment of minimum wages as alleged above, Defendants are liable to Plaintiff for his litigation costs, including his reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

## COUNT II
### FAILURE TO PAY CONTRACTUAL WAGES
### AGAINST DEFENDANT BNFOCUS ONLY

59.

BNFocus and Plaintiff entered into an oral agreement that Plaintiff would perform services for BNFOCUS at the rate of 63 cents per mile.

60.

BNFocus and Plaintiff's agreement constituted a binding contract.

61.

Plaintiff performed the work that he agreed to perform and in doing so travelled a total of 5,099 miles.

62.

Plaintiff was entitled to receive payment of approximately $3,212.37 for his services at the agreed-upon rate of 63 cents per mile.

63.

BNFocus refused to pay Plaintiff for work performed from March 20 through March 27, 2020.

64.

BNFocus's failure to pay Plaintiff for work performed during those workweeks constitutes a breach of the Parties' agreement.

65.

Plaintiff has been harmed by BNFocus's breach and failure to pay his earned wages.

66.

BNFocus intentionally and willfully breached its agreements with Plaintiff to pay him wages and reimbursements.

67.

BNFocus has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expenses in connection with this matter.

68.

Because of BNFocus's bad faith, Plaintiff is entitled to recover his reasonable attorney's fees and costs of litigation from BNFocus pursuant to O.C.G.A. § 13-6-11.

## COUNT III
### QUANTUM MERUIT AGAINST DEFENDANT BNFOCUS ONLY

69.

Plaintiff's performance of work from March 20 to March 27, 2020 was valuable to BNFocus.

70.

Plaintiff's performance of work from March 20 to March 27, 2020, was at the request of and knowingly accepted by BNFocus.

71.

Plaintiff performed work for BNFocus from March 20 to March 27, 2020, with the expectation that he would be compensated by BNFOCUS.

72.

It would be unjust not to require BNFocus to compensate Plaintiff in accordance with the Parties' agreement.

73.

Plaintiff is entitled to receive an amount equal to the value he conferred to BNFocus through his work from March 20 to March 27, 2020, in an amount to be determined at trial.

74.

BNFocus acted in bad faith in refusing to compensate Plaintiff for the work he performed from March 20 to March 27, 2020.

75.

BNFocus has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expenses in connection with this matter.

76.

Because of BNFocus's bad faith, Plaintiff is entitled to recover his reasonable attorney's fees and costs of litigation from BNFocus pursuant to O.C.G.A. § 13-6-11.

## COUNT IV
## CONVERSION

77.

At an unknown time between March 20, 2020 and March 27, 2020, Defendants converted to their own use a blood pressure machine, some weights, a knee brace and some clothing, all being the property of Plaintiff.

78.

On numerous occasions subsequent to the conversion, Plaintiff has made demands to Defendants for the return of the property.

79.

Defendants have refused to return the property despite Plaintiff's multiple demands for the same.

80.

The converted property is valued at approximately $250.

81.

As a result of Defendants' conversion, Plaintiff is entitled to recover the sum of $250.

82.

BNFocus acted in bad faith in converting Plaintiff's property and in refusing to return it.

83.

BNFocus has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expenses in connection with this matter.

84.

Because of BNFocus's bad faith, Plaintiff is entitled to recover his reasonable attorney's fees and costs of litigation from BNFocus pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff respectfully prays that the Court:

(a)   Take jurisdiction of this matter;

(b)   Grant a trial by jury as to all matters properly triable to a jury;

(c)   Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(d)   Issue a judgment declaring that Plaintiff is an employee covered by the FLSA, and that Defendants have failed to comply with the minimum wage requirements of the FLSA;

(e)   Award Plaintiff all due but unpaid minimum wages in the amount of $1,044, and liquidated damages in the same amount;

(g)   Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

(h)  Award Plaintiff nominal damages;

(i)  Award Plaintiff his costs of litigation including reasonable attorney's fees pursuant to 29 U.S.C. § 216(b);

(j)  Award Plaintiff judgment against Defendant BNFocus for his contract claim herein asserted in the amount of $3,212.37;

(k)  Award Plaintiff judgment against Defendant BNFocus for his quantum meruit claim herein asserted in an amount to be proved at trial;

(l)  Award Plaintiff judgment against Defendant BNFocus for his conversion claim herein asserted in the amount of $250;

(m)  Award Plaintiff his costs of litigation and reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11;

(n)  Enter judgment for Plaintiff in an amount reflecting the award of all damages and relief requested in this Complaint; and

(o)  Award any and such other further relief this Court deems just, equitable and proper.

This 1st day of July 2020.

                                        Respectfully submitted,

                                        **DELONG, CALDWELL, BRIDGERS,**
                                        **FITZPATRICK & BENJAMIN, LLC**

                                        *s/ Matthew W. Herrington*
101 Marietta Street                      Matthew W. Herrington
Suite 2650                                Ga. Bar No. 275411
Atlanta, Georgia 30303
(404) 979-3171                         Counsel for Plaintiff
(404) 979-3170 (f)
matthew.herrington@dcbflegal.com