DocuSign Envelope ID: ECEEB7Z5-A2C7-4EA7-9651-103CBF05EF19

Case 1:20-cv-02781-WMR   Document 17-1   Filed 09/24/20   Page 1 of 6

Kelly v. BNFocus 3D Trucking et al.          Settlement Agreement          Page 1

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is hereby entered into by and between Ronald Kelly ("Plaintiff"), on the one hand, and BNFocus 3D Trucking, LLC (the "Company") and Jerry Graves ("Graves") (collectively "Defendants") on the other hand. Plaintiff and Defendants are referred to herein individually as a "Party" and collectively, as the "Parties." As used herein, the phrases "this Agreement," "hereto," "hereunder," and phrases of like import shall mean this Agreement. All capitalized terms shall have the meanings ascribed to them in the Agreement.

WHEREAS, Plaintiff was employed by the Company from approximately July 2019 through March 27, 2020;

WHEREAS, on July 1, 2020, Plaintiff filed a Complaint for Damages against Defendants in the United States District Court for the Northern District of Georgia (the "District Court") captioned as *Ronald Kelly v. BNFocus 3D Trucking, LLC and Jerry Graves,* Case No. 1:20-cv-02781-WMR, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), breach of contract, and quantum meruit (the "Litigation"); and

WHEREAS, Defendants deny Plaintiff's claims and allegations in the Litigation and deny liability to Plaintiff; and

WHEREAS, the Parties desire to finally and forever resolve all disputed matters between them existing as of the date of this Agreement, whether or not raised in the Litigation; and

WHEREAS, the Parties have entered into this Agreement to bring about such resolution;

NOW, THEREFORE, the Parties, with the intent of totally ending and forever foreclosing all matters or potential matters in dispute between the Parties up to the time of this Agreement, thereby assuring peace between the Parties based on such matters, in return for the mutual promises and consideration contained herein, the sufficiency of which is expressly acknowledged, agree as follows:

1. **Settlement Payment to Plaintiff**. Provided that Plaintiff executes this Agreement and the District Court has approved the settlement, Defendants shall pay Plaintiff a "Gross Settlement Payment" consisting of the following:

    (i) The sum of One Thousand Six Hundred Dollars ($1,600.00) which shall constitute the entire amount payable to Plaintiff for any alleged unpaid wages and any similar forms of relief he might have sought in the Litigation. The Company shall make any applicable withholdings and shall include this amount on a Form W2 issued by the Company to Plaintiff at year-end. This payment shall be made within ten (10) days following the District Court's approval of the settlement.

    (ii) The sum of One Thousand Forty-Four Dollars ($1,044.00), which shall constitute the entire amount payable to Plaintiff for alleged liquidated damages he might have sought in the Litigation. The Company shall not deduct any taxes, withholdings or deductions from this portion of the Gross Settlement Payment,

DocuSign Envelope ID: ECEEB7Z5-A2C7-4EA7-9651-103CBE05EF19
Case 1:20-cv-02781-WMR   Document 17-1   Filed 09/24/20   Page 2 of 6

Kelly v. BNFocus 3D Trucking et al.	Settlement Agreement	Page 2

    and shall record this amount on a Form 1099 marked Box 3 "Other Income" issued by the Company to Plaintiff at year-end. This payment shall be made within ten (10) days following the District Court's approval of the settlement.

   (iii)   The sum of Two Hundred Fifty Dollars ($250.00), which shall constitute the entire amount payable to Plaintiff as reimbursement for loss of personal property, which Plaintiff might have sought in the Litigation.

   (iv)   Costs of litigation and attorney's fees pursuant to 29 U.S.C. § 216(b) and O.C.G.A. § 13-6-11 in an amount to be determined by the District Court upon a motion to be filed by Plaintiff contemporaneously with Plaintiff's Unopposed Motion for Settlement Approval. The Parties acknowledge that Employee is the prevailing party for purposes of the FLSA fee-shifting provision, and that Plaintiff is entitled to a fair and reasonable attorneys' fee on his breach of contract and quantum meruit claims. This payment shall be made within ten (10) days following the District Court's approval of the settlement and determination of fees and costs.

All portions of the Gross Settlement Payment shall be delivered to Matthew W. Herrington; DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC; 101 Marietta Street NW; Suite 2650; Atlanta, Georgia 30303.

2. **Necessity of Court Approval of Agreement**. Plaintiff shall prepare an Unopposed Motion for approval of this Settlement Agreement in the District Court along with any other documents necessary to obtain the required approval from the District Court. In the motion, Plaintiff shall request that the Court shall retain jurisdiction over the Litigation to the extent necessary to enforce the terms of this Agreement. This Agreement shall be executed by all Parties prior to its submission to the District Court. However, this Agreement shall not become effective until the date on which the District Court grants the Motion to approve this Agreement and issues an order on Plaintiff's Motion for Attorney's Fees and Costs (the "Effective Date"). Should the District Court not approve this Agreement in its entirety for any reason, this Agreement shall be deemed null and void, and shall have no effect whatsoever, notwithstanding the Parties' execution of the same.

3. **Communication with Defendants**: Defendants acknowledge that they do not intend to obtain counsel in the Litigation and that all communications from Plaintiff and from the District Court in the Litigation requiring physical service may be served on them at 5216 W. Shore Drive, Conyers, GA, 30094. Should the District Court need to contact Defendants by electronic mail, Defendants acknowledge that they may be contacted at proverbs12one@yahoo.com.

4. **Release of Claims**. The Parties, on behalf of themselves, their dependents, heirs, executors, administrators, assigns, successors, or other representatives, will fully, finally and forever release and discharge each other and all past and present parents, subsidiaries, affiliates, predecessors, successors, assigns, representatives, partners, members, officers, directors, insurers, agents and employees from any and all claims and rights of any kind that they may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, any claims arising out of or in any way

DocuSign Envelope ID: ECEEB7Z5-A2C7-4EA7-9651-103CBF05EF19
Case 1:20-cv-02781-WMR Document 17-1 Filed 09/24/20 Page 3 of 6

Kelly v. BNFocus 3D Trucking et al.　　　　Settlement Agreement　　　　Page 3

connected with Plaintiff's alleged employment with Defendants as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, the Family Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Fair Labor Standards Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all laws prohibiting discrimination (including without limitation the Americans with Disabilities Act, as amended), any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort and any and all claims for attorneys' fees. The Parties represent that they know of no claim that has not been released by this paragraph, and that the release in this paragraph is intended to release Plaintiff and Defendants from liability for any and all possible claims by the Parties, known or unknown, that exist or may exist as of the date of this Agreement. Nothing in this Agreement, however, is intended to waive Plaintiff's entitlement to vested benefits under any pension or 401(k) plan or other ERISA-governed benefit plan provided by Defendants. Finally, the above release does not waive claims that cannot be released by private agreement.

5. **Effective Date of Release:** Plaintiff's release of claims pursuant to this Agreement shall be effective on the 91st day following the receipt of the entire Gross Settlement Payment by Plaintiff.

6. **Execution:** This Agreement shall become effective upon its execution by all parties. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

7. **Administrative Closure of Case Pending Dismissal**. The Parties shall request that the Court administratively close the Litigation upon approval of this Agreement. Within five (5) days following the ninety-first (91st) day after Plaintiff's receipt in full of the Gross Settlement Payment, Plaintiff shall take whatever actions are necessary to ensure that the Litigation is dismissed in its entirety, with prejudice. Defendants will cooperate with Plaintiff in securing the dismissal of the Litigation as appropriate.

8. **Non-Admission**. This Agreement is entered into solely in order to compromise and settle disputed claims, without any acquiescence, acknowledgement, or agreement by any Party as to the merit of any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, expenses, attorney's fees, costs, punitive damages, penalties, judgments, claims or demands released herein. Neither this Agreement nor any part thereof shall be used as an admission of liability by anyone, at any time, for any purpose.

9. **Basis for Settlement**. Each Party acknowledges and agrees that the terms of this Agreement are, and have been agreed to, for their mutual convenience, in part to avoid the expense, distraction, risk and uncertainty of further litigation, and after considering the risks of litigation and the circumstances of their respective businesses. Each Party also acknowledges and agrees that each Party has relied entirely on his, her or its own

DocuSign Envelope ID: ECEEB7Z5-A2C7-4EA7-9651-103CBE05EF19
Case 1:20-cv-02781-WMR   Document 17-1   Filed 09/24/20   Page 4 of 6

Kelly v. BNFocus 3D Trucking et al.	Settlement Agreement	Page 4

      judgment, belief and knowledge (including her or its judgment, belief and knowledge with respect to the foregoing, the extent and duration of the claimed damages in the Litigation, and the value of settling the Litigation at this time) and the advice and recommendations of his, her or or its own independently selected counsel, and, accordingly, except as set forth herein, neither they nor anyone acting on their behalf shall (or shall have the right to) deny or challenge the validity of this Agreement or any of the obligations of the Parties hereunder.

10. **Successors and Assigns**. This Agreement shall be binding upon and inure to the benefit of the Parties and their heirs, successors in business, executors, administrators, conservators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through them based or founded upon any of the claims released herein.

11. **Waiver**. Failure by any Party to insist upon strict performance of any provision herein by any other Party shall not be deemed a waiver by such Party of its rights or remedies or a waiver by it of any subsequent default by such other Party, and no waiver shall be effective unless it is in writing and duly executed by the Party entitled to enforce the provision being waived.

12. **Severability**. In the event that any term, covenant, condition, agreement, section or provision hereof shall be deemed invalid or unenforceable, this Agreement shall not terminate or be deemed void or voidable, but shall continue in full force and effect and there shall be substituted for such stricken provision a like but legal and enforceable provision which most nearly accomplishes the intention of the Parties hereto. Specifically, if the Court refuses to accept or voids any portion of this Agreement except for the primary payment and release obligations of this Agreement, the Parties agree to be bound to this Agreement as modified by the Court and agree that the Court may approve this Agreement without the need of executing a new Agreement.

13. **Entire Agreement**. This Agreement contains the entire agreement and understanding between the Parties concerning matters it describes, and supersedes all previous agreements, discussions, negotiations, understandings, and proposals of the Parties. The terms of this Agreement cannot be changed except in a subsequent document signed by the Parties. Neither this Agreement nor any provision of this Agreement may be modified or waived in any way except by an agreement in writing signed by each of the Parties hereto consenting to such modification or waiver except as to any decisions of the Court made as a part of the FLSA settlement approval process.

14. **Construction**. This Agreement has been negotiated by the Parties and shall be interpreted fairly in accordance with its terms and without any construction in favor of or against any of the Parties. The interpretation and construction of this Agreement shall be subject to the following provisions: (a) words importing the singular meaning include where the context so admits the plural meaning and vice versa; (b) the terms "and" and "or" as used herein shall mean both the conjunctive and the disjunctive, so that one word or the other may be taken accordingly as the one or the other (i.e., "and/or"); (c) the word "any" shall mean "all" or "one out of several"; (d) references to any person shall include natural persons and partnerships, firms and other incorporated bodies and all other legal persons of whatever kind and however constituted; (e) the words "include,"

DocuSign Envelope ID: ECEEB7Z5-A2C7-4EA7-9651-103CBE05EF19
Case 1:20-cv-02781-WMR   Document 17-1   Filed 09/24/20   Page 5 of 6

Kelly v. BNFocus 3D Trucking et al.          Settlement Agreement          Page 5

"includes" and "including" are to be construed as if they were immediately followed by the words "without limitation"; and (f) captions and headings used herein are inserted for convenience only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Agreement.

15. **Governing Law**: This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia. The Parties (a) hereby irrevocably submit themselves to and consent to the exclusive jurisdiction of the Court (or, if the Court lacks jurisdiction, the appropriate state or superior courts of the state of Georgia) for the purposes of any action, claim, suit or proceeding arising from or relating to this Agreement, and (b) hereby waive, and agrees not to assert, by way of motion, as a defense or otherwise, in any such action, claim, suit or proceeding, any argument that she or it is not personally subject to the jurisdiction of such court(s), that the action, claim, suit or proceeding is brought in an inconvenient forum, or that the venue of the action, claim, suit or proceeding is improper.

16. **Enforcement and Collection**: In any action to enforce the provisions of this Agreement, or in any action by Plaintiff to collect any amounts due under this Agreement, the prevailing Party shall be entitled to recover a reasonable attorney's fee and costs of litigation (within the meaning of 29 U.S.C. § 216) from the losing Party, in addition to all other remedies available under law.

IN WITNESS WHEREOF, the undersigned have executed this Agreement which shall be effective upon Court approval.

The undersigned acknowledges that they have read and understands the foregoing Settlement Agreement, and that they agree to the same and voluntarily execute the same.

By Plaintiff Ronald Kelly:

_____          _____
Signature                                Date


By Defendant Jerry Graves, on his own behalf and as authorized representative of BNFocus 3D Trucking, LLC:

*Jerry Graves*                          8/31/2020
DocuSigned by: 0FC9D96424EB45A...
_____          _____
Signature                                Date

DocuSign Envelope ID: 70936EF9-593F-4FD0-9199-33DAA246AFE9

Case 1:20-cv-02781-WMR   Document 17-1   Filed 09/24/20   Page 6 of 6

Kelly v. BNFocus 3D Trucking et al.　　　Settlement Agreement　　　Page 5

"includes" and "including" are to be construed as if they were immediately followed by the words "without limitation"; and (f) captions and headings used herein are inserted for convenience only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Agreement.

15. **Governing Law**: This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia. The Parties (a) hereby irrevocably submit themselves to and consent to the exclusive jurisdiction of the Court (or, if the Court lacks jurisdiction, the appropriate state or superior courts of the state of Georgia) for the purposes of any action, claim, suit or proceeding arising from or relating to this Agreement, and (b) hereby waive, and agrees not to assert, by way of motion, as a defense or otherwise, in any such action, claim, suit or proceeding, any argument that she or it is not personally subject to the jurisdiction of such court(s), that the action, claim, suit or proceeding is brought in an inconvenient forum, or that the venue of the action, claim, suit or proceeding is improper.

16. **Enforcement and Collection**: In any action to enforce the provisions of this Agreement, or in any action by Plaintiff to collect any amounts due under this Agreement, the prevailing Party shall be entitled to recover a reasonable attorney's fee and costs of litigation (within the meaning of 29 U.S.C. § 216) from the losing Party, in addition to all other remedies available under law.

IN WITNESS WHEREOF, the undersigned have executed this Agreement which shall be effective upon Court approval.

The undersigned acknowledges that they have read and understands the foregoing Settlement Agreement, and that they agree to the same and voluntarily execute the same.

By Plaintiff Ronald Kelly:

*DocuSigned by: Ronald Kelly*
EF43DA3982824E6...
_____　　　8/28/2020
Signature　　　　　　　　　　　　　　　　　　　　Date

By Defendant Jerry Graves, on his own behalf and as authorized representative of BNFocus 3D Trucking, LLC:

_____　　　_____
Signature　　　　　　　　　　　　　　　　　　　　Date