IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RONALD KELLY**,<br><br>**Plaintiff,**<br><br>vs.<br><br>**BNFOCUS 3D TRUCKING, LLC** and **JERRY GRAVES**,<br><br>**Defendants.** | Civil Action No. 1:20-cv-2781-WMR |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to 29 U.S.C. § 216(b) and LR 54.2, NDGa, Plaintiff Ronald Kelly hereby moves this Court for the award of (1) attorney's fees in the amount of $12,399.25 and (2) costs in the amount of $575, showing the Court as follows:

1. **PRELIMINARY STATEMENT/PROCEDURAL HISTORY**

Plaintiff Kelly filed suit on July 1, 2020, bringing claims against his former employers for unpaid minimum wages, breach of contract, quantum meruit, and conversion. [Dkt. 1] Defendants were served with the complaint and summons on July 7, 2020. [Dkt. 7, 8] At Defendants' request, Plaintiff's counsel moved to extend the time for Defendants to file their answer [Dkt. 10], which was granted.

[Dkt. 11] Although Defendants' answer was required to be filed by August 18th, they have not filed an answer and are in default.

Defendants chose not to retain an attorney, despite the requests of Plaintiff's counsel that they do so. Exhibit 1 hereto. The Parties engaged in extensive settlement negotiations and a Settlement Agreement was fully executed on August 31st. Exhibit 2 hereto. During negotiations, Plaintiff's counsel offered Defendants the option of having the Court determine a reasonable attorney's fee rather than simply agreeing on a fee amount, and explicitly notified Defendants both of counsel's hourly rates and that having the Court determine fees would require several additional hours of work, for which counsel would seek compensation. Exhibit 3 hereto.[1]

The settlement agreement provides that Defendants shall pay Plaintiff $1,600 in unpaid wages,[2] $1,044 in FLSA liquidated damages, and $250 as reimbursement for loss of personal property. Additionally, Defendants are to pay:

> Costs of litigation and attorney's fees pursuant to 29 U.S.C.
> § 216(b) and O.C.G.A. § 13-6-11 in an amount to be
> determined by the District Court upon a motion to be filed by

---

[1] Plaintiff has redacted non-essential portions of these settlement communications and left only those portions necessary to show that Plaintiff's counsel ensured that the unrepresented Defendants were aware of the consequences of the attorney's fees provision ultimately agreed upon.
[2] Of this amount, $1,044 are minimum wages earned at the rate of $7.25 per hour, which is reflected in the amount of liquidated damages to be paid.

> Plaintiff contemporaneously with Plaintiff's Unopposed Motion for Settlement Approval. The Parties acknowledge that Employee is the prevailing party for purposes of the FLSA fee-shifting provision, and that Plaintiff is entitled to a fair and reasonable attorneys' fee on his breach of contract and quantum meruit claims. This payment shall be made within ten (10) days following the District Court's approval of the settlement and determination of fees and costs.

Exhibit 2, pg. 2, ¶ iv. Plaintiff has filed an unopposed motion for settlement approval and contemporaneously files this motion for fees and costs as anticipated by the Parties' Settlement Agreement.

2.   **ARGUMENT AND CITATIONS OF AUTHORITY**

   A.   **Legal Standard for an Award of Attorney's Fees and Costs**

The Court faces four questions in making an award of attorneys' fees and costs. First, is Plaintiff a "prevailing plaintiff" entitled to recover her fees and costs? Second, whether Plaintiff has documented the proper amount of hours and hourly rates by submitting evidence supporting the hours worked and the rates claimed. Third, whether Defendants have demonstrated grounds for questioning the hours or rates. And Fourth, whether an upward or downward adjustment to the lodestar is appropriate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The first question need not be examined because the Parties have stipulated that Plaintiff is a prevailing party and entitled to a reasonable fee. As to the third and fourth questions, Plaintiff will address any arguments raised by Defendants in a

reply brief. Plaintiff does not seek an upward adjustment to the lodestar and thus submits no evidence or argument on that issue. Only the second question—whether Plaintiff has documented the proper amount of hours and hourly rates by submitting evidence supporting the hours worked and the rates claimed—need be addressed at this juncture.

### B.   Determining the Reasonable Fee (Lodestar)

In determining an objective estimate of the value of a lawyer's services, the Court must multiply those hours reasonably expended by a reasonable hourly rate, or compute the "lodestar." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Kenny A. ex rei. Winn v. Perdue,* 547 F.3d 1319 (11th Cir. 2008). There is a "strong presumption that the lodestar reflects a reasonable sum the attorneys deserve." (internal quotations omitted) *Bivins v. Wrap It Up, Inc.* 380 Fed. App'x 888, 891 (11th Cir. 2010); *Webster Greenthumb Co. v. Fulton Cty.,* 112 F.2d 1339, 1349 (N.D. Ga. 2000). As detailed below, Plaintiff's requested attorney's fees are based on his counsel's reasonably incurred time in the case at their respective reasonable hourly rates.

The hours claimed or spent on a case are "[t]he most useful starting point for determining the amount of a reasonable fee." *Hensley,* 461 U.S. at 433. Counsel must exercise "billing judgment" in determining the hours reasonably expended on

the merits (*Id.* at 437), and attorneys should also be compensated for the time reasonably expended in seeking an award of fees from the court. *ACLU v. Barnes,* 168 F.3d 423 (11th Cir. 1999); *Johnson,* 706 F.2d 1205, 1207; *Yule v. Jones,* 766 F. Supp. 2d 1333 (N.D. Ga. 2010).

Counsel's certification that the work itemized has in fact been performed is "entitled to considerable weight on the issue of time required." *Perkins v. Mobile Hous. Bd.,* 847 F.2d 735, 738 (11th Cir. 1988); *Frazier v. Wurth Indus. of N. Am., LLC,* Case No. 1:08-cv-01634-JOF, 2009 U.S. Dist. LEXIS 94444 (N.D. Ga. 2009). Indeed, the Eleventh Circuit has stated that "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and, therefore, it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Perkins,* 847 F.2d at 738.

Courts have determined that "compensable activities include pre-litigation services in preparation of filing the lawsuit, background research and reading in complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating the request for attorney's fees." *Weissinger v. Murray*, Case No. 1:06-

CV-1544-TWT, 2009 U.S. Dist. LEXIS 56789, *16 (N.D. Ga. July 2, 2009) (internal citations omitted). The relevant case law is clear that attorney efforts undertaken in drafting a fee petition are compensable under the FLSA, which is commonly referred to as "fees on fees." *See, e.g., Sheet Metal Workers Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication*, LLC, 237 Fed. App'x 543, 550 (11th Cir.2007) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees"); *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990) (same).

The efforts required for the litigation of this action have been relatively limited because the case resolved early, but were nonetheless significant: client intake and factual development, damages calculations, drafting pleadings and case initiating activities, legal research regarding what time is compensable under the FLSA for tandem truck driver teams, settlement negotiations with Defendants, drafting and revising settlement documents; drafting a motion for court approval of the settlement, and drafting of the present fee petition and supporting documents.

Plaintiff's counsel further submit that they did not perform any redundant, excessive, or otherwise unnecessary work in the representation and that all of the work performed was reasonably necessary to properly represent their client. Although multiple attorneys worked on the case, the tasks those attorneys

undertook were not duplicative. All of the time incurred by Plaintiff's attorneys was reasonably incurred and should be awarded (less the amount written off by Plaintiff's counsel in the exercise of billing judgment).

As detailed in counsel's time records (attachments to Exhibits 4 and 5), Attorney William J. Spradley III, who practices in Jacksonville, Florida, and has an hourly rate of $200, was responsible for initial client intake, factual development, and case evaluation. Mr. Spradley was also primarily responsible for client communication.

Attorney Matthew W. Herrington, who practices in Atlanta, Georgia, and has an hourly rate of $350, had primary responsibility for legal research, drafting Plaintiff's Complaint, settlement negotiations, and drafting Plaintiff's Motion for Settlement Approval and the present Motion.

Attorney Charles R, Bridgers, who practices in Atlanta, Georgia, and has an hourly rate of $425, had had a limited role in the litigation and was consulted by Mr. Herrington on strategic issues during the settlement negotiation stage.

Paralegal Sarah Toenes, who bills at the rate of $125 per hour, was responsible for preparing and filing case initiating documents and the certificate of interested persons and for communicating with the process server to arrange service of process.

Senior Paralegal Jessica Sorrenti, who bills at the rate of $165 per hour, was responsible for preparing and filing a motion for an extension of time for Defendants to file their answer, and for consulting with co-counsel on this District's requirements for attorney appearances pro hac vice.

Kate Bagby, paralegal to Attorney Spradley, was responsible for meeting with Plaintiff and assisting him with client intake procedures, facilitating Attorney Spradley's admission in this Court and appearance in this case, and generally assisting Mr. Spradley with communications with co-counsel. Although Attorney Spradley's admission to the Norther District of Georgia was for the purpose of representation in this case specifically—Mr. Spradley is not a resident of Georgia—Ms. Bagby's time relating to his admission to this Court have been written off in the exercise of billing judgment.

The hourly rates of Matthew Herrington, Charles Bridgers, Jessica Sorrenti, and Sarah Toenes have been previously approved as reasonable by judges in the Northern District of Georgia. *See, e.g.*, *Ogier v. M-Entertainment Properties, LLC, et al.*, 1:19-cv-372-TWT, Dkt. 50 (N.D. Ga. May 15, 2020); *Jackson et al. v. American Disposal Service of Georgia, Inc.*, 1:19-cv-4428-AT, Dkt. 33 (N.D. Ga. July 30, 2020); *Villa-Garcia v. Latin Mundo #2, Inc. et al.*, 1:17-cv-1834-TWT,

Dkt. 23 (N.D. Ga. Feb. 21, 2018) *Smith, et.al. v. Childfirst 24 Hour Childcare, et.al.*, 1:18-cv-03786-WMR, Dkt. 36 (N.D. Ga. June 4, 2019).

Because Attorney Spradley typically performs defense work, his rates have not previously been submitted to a court for review, but his hourly rate ($200) and that of Ms. Bagby ($100) are the rates typically billed to their hourly clients, are standard in the Jacksonville area, and are considerably lower than those rates billed in the Atlanta area.

In this case, Plaintiff's attorneys and support staff have maintained detailed, accurate and contemporaneous records of time spent working in this matter, which are attached to Exhibit 4 (Declaration of Matthew W. Herrington) as Attachment A and to Exhibit 5 (Declaration of William J. Spradley III) as Attachment A. Records of Mr. Herrington's initial communications with Mr. Spradley were not recorded and are not being sought. Additionally, $210 of time have been written off by Mr. Herrington's firm, and $120 by Mr. Spradley's firm. The prosecution of this case has resulted in billable fees in the amount of $12,399.25, which should be awarded to Plaintiff against Defendants, jointly and severally.

### C.   Costs of Litigation

Costs incurred in this case—$575—are quite limited due to the early stage at which it was resolved. Costs include only a $400 filing fee and $175 for service of

process on both Defendants. See Exhibit 4, Attachment B. These expenses were reasonably and necessarily incurred in the prosecution of this action and should be awarded to Plaintiff pursuant to 29 U.S.C. § 216(b).

**D.  CONCLUSION**

Plaintiff has prevailed across the board on each of his claims. All Parties agree that Plaintiff is entitled to recover his reasonable fees and costs. As shown above, the reasonable fee is $12,399.25 and the reasonable award of costs is $575. Plaintiff therefore requests that the Court enter an Order awarding Plaintiff $12,974.25 in fees and costs.

This 24th day of September 2020,

                              Respectfully submitted,

                              **DELONG, CALDWELL, BRIDGERS FITZPATRICK & BENJAMIN, LLC**

                              *s/ Matthew W. Herrington*

101 Marietta Street              Matthew W. Herrington
Suite 2650                       Ga. Bar No. 275411
Atlanta, Georgia 30303
(404) 979-3150                Counsel for Plaintiff
(404) 979-3170 (f)
Matthew.herrington@dcbflegal.com

|  |  |
|---|---|
|  | **WILLIAM J. SPRADLEY, P.A.** |
|  | *s/ William J. Spradley III* |
| 3955 Riverside Ave., Suite 101 | William J. Spradley III |
| Jacksonville, FL 32205 | Ga. Bar No. 131044 (*pro hac vice*) |
| (904) 483-3834 |  |
| (904) 483-3845 (f) | Counsel for Plaintiff |
| wjspradley@williamjspradleypa.com |  |

Pursuant to LR 7.1 NDGa, the undersigned counsel certifies that the within and foregoing document was prepared using Times New Roman (14 point), one of the fonts and point selections approved by the Court in LR 5.1 C NDGa.

>*s/ Matthew W. Herrington*
>Matthew W. Herrington
>Ga. Bar No. 275411

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RONALD KELLY**,<br><br>   **Plaintiff,**<br><br>   vs.<br><br>**BNFOCUS 3D TRUCKING, LLC** and **JERRY GRAVES**,<br><br>   **Defendants.** | Civil Action No. 1:20-cv-2781-WMR |

### CERTIFICATE OF SERVICE

I certify that on this date I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

I further certify that I have served a copy of the foregoing document on Defendants BNFocus 3D Trucking, LLC and Jerry Graves by US Mail, postage prepaid, addressed to Jerry Graves at 5216 W. Shore Drive, Conyers, GA, 30094

Date: September 24, 2020

*s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411